**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**CHRISTOPHER SCOTT BLACK**                                                              **PLAINTIFF**

**v.**                                                                                   **CIVIL ACTION NO. 4:04CV-P166-M**

**CHRIS SHAFFER**                                                                        **DEFENDANT**

### MEMORANDUM OPINION

The plaintiff, Christopher Scott Black, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. BACKGROUND AND SUMMARY OF CLAIMS

The plaintiff is currently incarcerated at the Green River Correctional Complex, but the allegations in his complaint concern events which occurred during his incarceration at the Hopkins County Jail. To this end, he sues Major Chris Shaffer, an official at that jail, in his individual and official capacities and seeks monetary and punitive damages and injunctive relief.

The plaintiff primarily raises a due process challenge to the grievance process at the Hopkins County Jail. He claims that "Walk (Deputy) Officers determine what is or is not greivable [and] issue grievance forms, if they decide a greivance is valid. Therefore, forms are seldomly issued." He states that he was told that there is no appeal form and that he must file an appeal on "plain paper." He also contends that "they won't even sign my forms on some occasions."

Specific to Defendant Shaffer, the plaintiff reports asking Officer Baxter to place his appeal of Grievance # 97-2004 in Defendant Shaffer's mailbox.  When the plaintiff asked Defendant Shaffer whether he had received the appeal, Defendant Shaffer told him that he had not checked his mailbox but would check it and get back with the plaintiff.

Thereafter, Lt. Terrell asked the plaintiff, "Didn't you get the appeal Back?  Because Major Shaffer gave it back to me and told me to return it back to you."  The plaintiff told Lt. Terrell, however, that "Major Shaffer told me and put it in writing that he never received my appeal."  According to the plaintiff, Lt. Terrell then changed her story and claimed that she did not know how she got the appeal.  The plaintiff claims that he has been unable to speak to the jailer with respect to this matter.

To the complaint, the plaintiff attaches copies of several grievances.  In those grievances, in addition to the plaintiff's complaints about the jail's grievance process, he also reports a delay in receiving mail sent from family and friends, a failure to receive one piece of mail, property room items being thrown away and/or given away by jail personnel, and retaliation for wanting to file a grievance and for walking away from a work detail.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this court must review the instant action.  28 U.S.C. § 1915A ("The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, this court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require this court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

### III.  ANALYSIS

### A.  Due Process Challenge to Grievance Process

With respect to the Fourteenth Amendment due process challenge to the Hopkins County Jail's grievance process, prisoners do not possess an inherent federal constitutional right to a prison grievance proceeding.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977).  Furthermore, state law does not create a liberty interest in grievance proceedings.  *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Corn v. Lewis*, No. 92-0098, 1993 WL 210702, at *1 (6th Cir. June 15, 1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).

If a facility does provide a grievance process, as does the Hopkins County Jail, violations of its procedures do not rise to the level of a federal constitutional right, *Spencer v. Moore*, 638 F. Supp. at 316, and a prisoner has no right to an effective grievance procedure.  *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991).  Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim.  *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

Because the plaintiff has failed to establish a Fourteenth Amendment due process violation stemming from the grievance process, that claim must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915A(b)(1).

## B. Allegations Raised Within the Grievances

While it is unclear whether the plaintiff is contesting the other complaints raised in his grievances, the Court will nonetheless address those claims. The Court will first consider the individual capacity claims and will then consider the official capacity claims.

### 1. Individual Capacity Claims

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how the defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how the defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendant and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical

argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.), *cert. denied*, 513 U.S. 873 (1994).

      While the plaintiff reports a delay in receipt of mail, the failure to receive one piece of mail, loss of personal property, and retaliation, he fails to allege any personal involvement on the part of Defendant Shaffer with respect to those claims. To the extent the plaintiff seeks to hold Defendant Shaffer liable based on his position as Major, the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The plaintiff also fails to demonstrate supervisory liability on the part of Defendant Shaffer as he has failed to allege any facts showing that Defendant Shaffer encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct. *Bellamy v. Bradley*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (indicating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

      Because the plaintiff has alleged no connection between Defendant Shaffer and the purported wrongdoing referenced above, those claims against Defendant Shaffer in his individual capacity must be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## 2. **Official Capacity Claims**

If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, the plaintiff's claims against Major Shaffer in his official capacity are actually brought against Hopkins County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v.*

7

*Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Nothing in the complaint demonstrates that any of the allegations contained in the complaint occurred as a result of a policy or custom endorsed by Hopkins County. Accordingly, the complaint fails to establish a basis of liability against Hopkins County and, therefore, fails to state a cognizable § 1983 claim. Having determined that the municipalities cannot be held liable for the alleged harm, this Court need not address whether the alleged harm was caused by a constitutional violation.

Therefore, the remaining claims against Major Shaffer in his official capacity must also be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendant
    Hopkins County Attorney
4414.005